**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

In re:

Minnesota School of Business, Inc.,

       Debtor.

Case No.: 19-33629
Chapter 11 Case

In re:

Globe University, Inc.,

       Debtor.

Case No.: 19-33632
Chapter 11 Case

**NOTICE OF HEARING AND MOTION FOR ORDER (I) GRANTING EXPEDITED RELIEF AND (II) AUTHORIZING DEBTORS TO REDACT PORTIONS OF THE CREDITOR MATRIX, SCHEDULES, STATEMENTS AND RELATED COURT FILINGS**

TO:    The parties-in-interest as specified in Local Rule 9013-3(a)(2).

1.    Minnesota School of Business, Inc. ("MSB") and Globe University, Inc. ("Globe" and, together with MSB, the "Debtors") hereby move this court for the relief requested below and give notice of hearing.

2.    The court will hold a hearing on this Motion at 2:00 P.M. Central Standard Time on November 25, 2019, in Courtroom 2B, 232 Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101.

3.    Local Rule 9006-1(c) provides deadlines for responses to this Motion. However, given the expedited nature of the relief sought, the Debtors do not object to written responses being served and filed immediately prior to the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT A HEARING**.

4. This court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1. This is a core proceeding. The petitions commencing these chapter 11 cases were filed on November 20, 2019 (the "Filing Date"). The cases are currently pending before this court.

5. This Motion arises under 11 U.S.C. §§ 105 and 107 and Fed. R. Bankr. P. 9029. This Motion is filed pursuant to Local Rules 9013-1 through -3. Expedited relief is requested pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(e). Notice of the hearing on this Motion is provided pursuant to Local Rules 9013-3 and 2002-1(b).

6. The Debtors request an order (i) granting expedited relief, (ii) authorizing them to redact portions of the creditor matrix that contain the directory information of the individuals who were formerly students of the Debtors and who validly opted out of the disclosure of their educational records and information while enrolled with the Debtors, (iii) authorizing the Debtors to redact other court filings that include such information, including schedules, statements, and certificates of service, (iv) authorizing the Debtors to provide certain notices to such individuals as directed by the Court or the Clerk of Court, (v) authorizing the Debtors to provide unredacted copies of the creditor matrix, schedules, statements, and other filings to the Office of the United States Trustee, and (vi) authorizing the Debtors to provide unredacted copies of the creditor matrix, schedules, statements and other filings to counsel for any committee appointed under 11 U.S.C. § 1102 who has been retained pursuant to court approval once agreements regarding confidentiality are reached.[1]

## BACKGROUND

7. On the Filing Date, the Debtors filed voluntary petitions for relief pursuant to

---

[1] The relief sought in this Motion is similar to that sought and granted in the chapter 7 bankruptcy case of ITT Educational Services, Inc., Case No. 16-07207 (Bankr. S.D. Ind.) [ECF Nos. 6, 15].

2

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. There is presently no pending request or motion for appointment of a trustee or examiner.

8. Further general background information about the Debtors and these cases is set forth in the Declaration of Kenneth McCarthy in Support of Chapter 11 Petition and Initial Motions (the "McCarthy Declaration"), which is incorporated herein by reference. The additional facts relevant to this Motion set forth below are verified by Kenneth McCarthy, as evidenced by the attached verification.

9. The vast majority of the potential creditors in these chapter 11 cases are former students of the Debtors. The Debtors estimate approximately 7,100 former students will be included on the matrix. Approximately 1,800 of those former students opted out of having their "directory information," as defined in 34 C.F.R. § 99.3, disclosed by the Debtors (the "Opt-Out Students"). This directory information includes the information contained in the students' educational records with the Debtors that would not generally be considered harmful or an invasion of privacy if disclosed, including the students' names and addresses, *see* 34 C.F.R. § 99.3, but that is nevertheless protected.

10. Pursuant to 34 C.F.R. § 99.37(b), the Debtors are required to honor the Opt-Out Students' decisions to not disclose their directory information to the public unless those opt-outs are later rescinded by the Opt-Out Students.

11. In discussions with the Clerk's office, the Debtors believe that it would be possible to comply with federal regulations and also satisfy the requirements of the Bankruptcy Code and Rules by filing redacted documents, and having their noticing agent file redacted

3

certificates of service after accomplishing service on the Opt-Out Students when such service is required.

**EXPEDITED RELIEF**

12. The Debtors request expedited relief in this Motion and request an expedited hearing. Granting this Motion on an expedited basis will ensure that no Opt-Out Student's directory information is required to be disclosed to the public in connection with this chapter 11 case where that Student previously opted out of such disclosure as allowed under federal regulation and will allow expeditious service of the notice of case commencement and first meeting of creditors. The Debtors have complied with the requirements of Local Rule 9006-1(e) by providing the notice of this Motion to the parties identified on, and in the manner set forth in, the certificate of service filed contemporaneously with this Motion. This includes the parties specified in Local Rule 9013-3, the Minnesota Attorney General, who has represented the interests of the Opt-Out Students in underlying litigation, and all those requesting notice. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

13. Pursuant to Local Rule 9013-2, this Motion is verified and accompanied by a memorandum of law, proposed order, and proof of service.

14. Pursuant to Local Rule 9013-2, the Debtors give notice that they may, if necessary, call Kenneth McCarthy, the Chief Financial Officer of MSB and Globe, Inc. to testify regarding the facts set out in this Motion.

WHEREFORE, the Debtors respectfully request that the Court enter an Order:

1. Granting expedited relief;

2. Authorizing the Debtors to redact portions of the creditor matrix that contain directory information of individuals who were formerly students of the Debtors and who validly

4

opted out of the disclosure of their educational records and information while enrolled with the Debtors;

3. Authorizing the Debtors to redact other court filings that include such information, including schedules, statements, and certificates of service;

4. Authorizing the Debtors to provide certain notices to such individuals as directed by the Court or the Clerk of Court;

5. Authorizing the Debtors to provide unredacted copies of the creditor matrix, schedules, statements and other filings to the Office of the United States Trustee;

6. Authorizing the Debtors to provide unredacted copies of the creditor matrix, schedules, statements and other filings to counsel for any committee appointed under 11 U.S.C. § 1102 who has been retained pursuant to court approval once agreements regarding confidentiality are reached; and

7. Granting the Debtors such other and further relief as the Court deems necessary and proper.

Dated:  November 21, 2019         /s/ Samuel M. Andre
                                  Clinton E. Cutler (#0158094)
                                  James C. Brand (#387362)
                                  Samuel M. Andre (#0399669)
                                  **FREDRIKSON & BYRON, P.A.**
                                  200 South Sixth Street, Suite 4000
                                  Minneapolis, MN  55402-1425
                                  Telephone:  612.492.7000
                                  ccutler@fredlaw.com
                                  jbrand@fredlaw.com
                                  sandre@fredlaw.com

                                  **ATTORNEYS FOR THE DEBTORS**

## VERIFICATION

I, Kenneth McCarthy, the Chief Financial Officer of the Minnesota School of Business, Inc. and Globe University, Inc., declare under penalty of perjury that the facts set forth in the preceding Motion are true and correct according to the best of my knowledge, information, and belief.

Dated: November 20, 2019

_____
Kenneth McCarthy

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

In re:

Minnesota School of Business, Inc.,

      Debtor.

Case No.: 19-33629
Chapter 11 Case

In re:

Globe University, Inc.,

      Debtor.

Case No.: 19-33632
Chapter 11 Case

**MEMORANDUM IN SUPPORT OF MOTION FOR ORDER (I) GRANTING EXPEDITED RELIEF AND (II) AUTHORIZING DEBTORS TO REDACT PORTIONS OF THE CREDITOR MATRIX, SCHEDULES, STATEMENTS AND RELATED COURT FILINGS**

The Debtors submit this memorandum in support of their Motion.[2] The Debtors request that the Court grant this relief because it will allow them to comply with federal regulations in protection of former students' educational records and information.

**BACKGROUND**

The facts in support of the Motion and referenced in this memorandum are set forth in the verified Motion. As indicated in the verified Motion, in order to maintain the confidentiality of the educational records of those former students of the Debtors who opted out of the public disclosure of their educational records and information, the Debtors request that they be allowed to redact portions of the creditor matrix, schedules, statements and related court filings.

---

[2] All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

## ANALYSIS

### I. CAUSE EXISTS FOR EXPEDITED RELIEF.

The Debtors request expedited relief on the Motion. Local Rule 9006-1(b) provides that "moving documents shall be filed and served . . . not later than fourteen days before the hearing date." Local Rule 9006-1(e), however, provides that a court may reduce notice for cause. Cause exists here to grant the Motion on an expedited basis. If the Court does not grant expedited relief, the directory information, as defined under 34 C.F.R. § 99.3, of the Debtors' former students who have opted out of the public disclosure of such information will be disclosed by the Debtors' filing of the creditor matrix and the relief sought would become moot. In consequence, the Debtors would be forced into potentially violating of 34 C.F.R. § 99.37(b) by publicly filing the entire creditor matrix, schedules, statements, and related certificates of service. Thus, cause exists for an expedited determination of this issue.

### II. THE BANKRUPTCY COURT HAS THE AUTHORITY TO PROTECT INDIVIDUALS FROM DISCLOSURE OF THEIR IDENTITIES OR IDENTIFYING INFORMATION.

The Debtors should be authorized to redact the portions of the creditor matrix, schedules, statements, and other filings, including certificates of service, referring to the Opt-Out Students' directory information. Bankruptcy courts have been given the express power to issue orders that will protect entities and individuals from the disclosure of information that would create an undue risk of identity theft or other unlawful injury to the individual or the individual's property, including any means of identification. Section 107 of the Bankruptcy Code provides in relevant part:

> (c)(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property: (A) Any means of

> identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.

11 U.S.C. § 107(c)(1).

> Section 1028(d) of title 18 defines "means of identification" as:
>
> any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any—
> (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;
> (B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;
> (C) unique electronic identification number, address, or routing code; or
> (D) telecommunication identifying information or access device (as defined in section 1029(e)).

18 U.S.C. § 1028(d).

Here, the disclosure of the Opt-Out Students' means of identification—specifically, their names and addresses—through the unredacted filing of the entire creditor matrix, schedules, statements and other documents, including related certificates of service, presents an undue risk of unlawful injury to the Opt-Out Students under federal regulations. The disclosure of the directory information of an educational institution's former students is governed by title 34 of the Code of Federal Regulations, Part 99. Under 34 C.F.R. § 99.37, an educational institution cannot disclose formers students' directory information where those students validly requested to opt out of any such disclosure while still enrolled with the Debtors. 34 C.F.R. § 99.37(b). The term "directory information" includes the information contained in a student's educational records with the educational institution that would not generally be considered harmful or an invasion of privacy if disclosed, including the student's name and address. *See* 34 C.F.R. § 99.3.

By publicly disclosing the Opt-Out Students' directory information through unredacted filings, the Debtors would be creating an undue risk of unlawful injury to the Opt-Out Students

3

under 34 C.F.R. § 99.37 and may not be in compliance with the regulation. The Court therefore has cause and authority under § 107(c) to protect the Opt-Out Students by preventing the public disclosure of their directory information.

While the Court has the authority to protect the Opt-Out Students' directory information from public disclosure under § 107(c), no Federal Rule of Bankruptcy Procedure explicitly provides for the actual process to protect such information.[3] However, under Rule 9029 of the Federal Rules of Bankruptcy Procedure, where there is no controlling law or procedure, bankruptcy courts have been given the power and responsibility to "regulate practice in any manner consistent with federal law, these rules, Official Forms, and local rules of the district." Fed. R. Bankr. P. 9029(b).

Furthermore, bankruptcy courts have been given the express power to limit the public's access to lists of creditors that are filed with the court. Rule 1007 of the Federal Rules of Bankruptcy Procedure provides in relevant part:

> On motion of a party in interest and for cause shown the court may direct the impounding of the lists filed under this rule, and may refuse to permit inspection by any entity. The court may permit inspection or use of the lists, however, by any party in interest on terms prescribed by the court.

Fed. R. Bankr. P. 1007(j).

Based on this clear authority from the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the court has the authority to maintain the confidentiality of the Opt-Out Students through the redaction of information and records that are publicly filed.

### III.  THE BANKRUPTCY COURT SHOULD PROTECT THE OPT-OUT STUDENTS FROM DISCLOSURE OF THEIR DIRECTORY INFORMATION.

Pursuant to the above-stated authority, the Debtors request that the Court allow them to

---

[3] *C.f.*, Section 107 references Federal Rule of Bankruptcy Procedure 9018. However, this Rule does not directly apply to the relief sought under Bankruptcy Code § 107(c).

4

redact portions of the creditor matrix, schedules, statements and related court filings that disclose the directory information of the Opt-Out Students who validly opted out of the disclosure of that information. The Debtors wish to honor the Opt-Out Students' choice to prevent the disclosure of their directory information. The Debtors have no objection if certain Opt-Out Students decide to make their information public; however, the Debtors believe that the decision should be left to each individual and should not be forced upon them.

The Court has the authority to regulate the disclosure of the Opt-Out Students' directory information in conformance with title 34, part 99 of the Code of Federal Regulations. That regulation restricts the disclosure of formers students' directory information where those students validly requested to opt out of any such disclosure while still enrolled with the Debtors. 34 C.F.R. § 99.37(b). Therefore, the Court should allow the Debtors to redact portions of the creditor matrix, schedules, statements and related court filing, or otherwise direct the Debtors in how best to protect the Students' information from unlawful disclosure.

### IV. THE REQUESTED RELIEF DOES NOT NEGATIVELY IMPACT OTHER CONSTITUENTS.

The redaction of the creditor matrix, schedules, statements and related documents, including certificates of service, will not impact the United States Trustee or any creditors' committee appointed in this case. First, the Debtors have tailored the requested relief, such that it will provide the actual names of the known claimants to the Office of the United States Trustee, in accordance with 11 U.S.C. § 107(c)(3), which provides that the United States Trustee:

> (A) shall have full access to all information contained in any paper filed or submitted in a case under this title; and
> (B) shall not disclose information specifically protected by the court under this title.

5

Case 19-33632   Doc 8   Filed 11/21/19   Entered 11/21/19 12:38:35   Desc Main
            Document      Page 12 of 14

11 U.S.C. § 107(c)(3).

Second, the Debtors propose providing the actual names and addresses of the known Opt-Out Students to counsel for a creditors' committee, subject to a confidentiality protocol to be agreed upon between the Debtors and counsel for a creditors' committee. The Debtors will further provide notices to such individuals as directed by the Court or the Clerk of the Court.

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request that this Court grant the relief requested in the Motion.

Dated: November 21, 2019              /s/ Samuel M. Andre
                                      Clinton E. Cutler (#0158094)
                                      James C. Brand (#387362)
                                      Samuel M. Andre (#0399669)
                                      **FREDRIKSON & BYRON, P.A.**
                                      200 South Sixth Street, Suite 4000
                                      Minneapolis, MN  55402-1425
                                      Telephone:  612.492.7000
                                      ccutler@fredlaw.com
                                      jbrand@fredlaw.com
                                      sandre@fredlaw.com

                                      **ATTORNEYS FOR THE DEBTORS**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

In re:

Minnesota School of Business, Inc.,

Case No.: 19-33629
Chapter 11 Case

      Debtor.

In re:

Globe University, Inc.,

Case No.: 19-33632
Chapter 11 Case

      Debtor.

## ORDER (I) GRANTING EXPEDITED RELIEF AND (II) AUTHORIZING DEBTORS TO REDACT PORTIONS OF THE CREDITOR MATRIX, SCHEDULES, STATEMENTS AND RELATED COURT FILINGS

This case is before the court on the Motion for an Order (I) Granting Expedited Relief and (II) Authorizing Debtors to Redact Portions of the Creditor Matrix, Schedules, Statements and Related Court Filings (the "Motion") filed by the above-captioned debtors (the "Debtors"). Based on the Motion and the file,

**IT IS ORDERED:**

1. The Motion is granted, including the request for expedited relief.

2. The Debtors are authorized to redact portions of the creditors matrix and all other court filings that disclose the directory information of the individuals who were formerly students of the Debtors and who validly opted out of the disclosure of their educational records and information while enrolled with the Debtors.

3. The clerk of court shall not provide any notices to those creditors whose information is redacted on the creditor matrix. The Debtors or their noticing agent shall provide

2

such notices, under Bankruptcy Rule 2002 and otherwise, and file a redacted certificate of service certifying that those individuals have been served.

4.     The Debtors are authorized to provide unredacted copies of the creditor matrix, schedules, statements and other filings, including certificates of service, to the Office of the United States Trustee in accordance with 11 U.S.C. § 107(c)(3), as necessary and as requested by the Office of the United States Trustee.

5.     The United States Trustee is authorized to use such information in the discharge of its duties and obligations, including but not limited to solicitation and appointment of any committee under 11 U.S.C. § 1102.

6.     The Debtors are authorized to provide unredacted copies of the creditor matrix, schedules, statements and other filings, including certificates of service, to court-approved counsel for any committee appointed under 11 U.S.C § 1102, but only after confidentiality procedures are agreed upon between the Debtors and such counsel.

7.     The Debtors' authorization to file redacted documents referenced in paragraph 2 of this order shall be carried out in accordance with the directions of the clerk of court.

Dated:                                                                                     _____

William J. Fisher
United States Bankruptcy Judge

68788341